UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
v. )
)
ANTHONY R. DOTE, also known )
    as "Seymour," )
FRANCIS PATRICK MAZZA, )
    also known as "Cosmo," )
DONALD F. SCALISE, also known )
    as "Sponge" and as "Rags," )
CARL R. DOTE, also known )
    as "Oscar," )
JACK COZZI, also known as "Baldy," )
FRANK J. ADAMO, also known )
    as "Captain," and )
SHERMAN GOLDMAN, also known )
    as "Hotdogs" and as "Moe" )

No. 00CR0342
Violations: Title 18,
United States Code,
Sections 2(a) and (b),
1952, 1955, 1962(c) and
(d), and 1963.

INDICTMENT

FILED
APR 27 2000
MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

JUDGE MORAN
MAGISTRATE JUDGE KEY

DOCKETED
MAY 02 2000

### COUNT ONE

The SPECIAL JANUARY 1999-I GRAND JURY charges:

1. At times material to this indictment,

    ANTHONY R. DOTE, also known as "Seymour,"
    FRANCIS PATRICK MAZZA, also known as "Cosmo,"
    DONALD F. SCALISE, also known as "Sponge" and as "Rags,"
    CARL R. DOTE, also known as "Oscar,"
    JACK COZZI, also known as "Baldy,"
    FRANK J. ADAMO, also known as "Captain," and
    SHERMAN GOLDMAN, also known as "Hotdogs" and as "Moe,"

the defendants herein, and others known and unknown to the grand jury, were members and associates of The Dote-Mazza Enterprise.

2. The Dote-Mazza Enterprise, including its leadership, members and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The Dote-Mazza Enterprise was engaged in, and its activities affected, interstate commerce.

3. The purpose of The Dote-Mazza Enterprise was to engage in the business of receiving and accepting bets and wagers on the result of football games, basketball games, hockey matches, and baseball games. It accepted such bets and wagers in the Chicago, Illinois area.

(a) Until on or about November 15, 1996, when he entered prison, ANTHONY R. DOTE, defendant herein, using the code name "Seymour," organized and lead The Dote-Mazza Enterprise, giving overall direction to the conduct of its affairs. DONALD F. SCALISE, defendant herein, succeeded ANTHONY R. DOTE, as the organizer and leader of The Dote-Mazza Enterprise.

(b) Until on or about August 26, 1996, when he was arrested, FRANCIS PATRICK MAZZA, defendant herein, using the code name "Cosmo," managed and supervised The Dote-Mazza Enterprise.

(c) FRANCIS PATRICK MAZZA obtained the betting line or point spread for particular games or matches by telephone from Las Vegas, Nevada, and then recorded the line or point spread locally as an announcement on telephone voice mail systems. After the arrest of FRANCIS PATRICK MAZZA, JACK COZZI, defendant herein, took over the responsibility for obtaining and recording the line or point spread.

(d) Clerks, referred to as "spots," using code names, including "Baldy," and "Hotdogs," being JACK COZZI and SHERMAN GOLDMAN, defendants herein, answered other telephones to receive wagers from bettors, known as "players," who identified themselves by three-digit numbers or a letter and two-digit numbers that

2

members and associates of The Dote-Mazza Enterprise also used to refer to particular players.

(e) FRANK J. ADAMO, defendant herein, using the code name "Captain," tallied or charted the results of betting sessions for The Dote-Mazza Enterprise. Initially orally and later by facsimile machine, he reported those results to leaders and managers of The Dote-Mazza Enterprise by groups or series of players corresponding to the first digit or the letter of their identifying code, namely, nines (900 series), eights (800 series), sevens (700 series), fives (500 series), threes (300 series), Js (J series), and Rs (R series).

(f) Beginning in or about August 1996, CARL R. DOTE, defendant herein, became a manager and supervisor of others who were employed by or associated with The Dote-Mazza Enterprise, and succeeded FRANCIS PATRICK MAZZA in collecting money for bets and wagers from agents and bettors.

4. From in or about July 1994 through in or about August 1997, in the Northern District of Illinois,

>     ANTHONY R. DOTE, also known as "Seymour,"
>     FRANCIS PATRICK MAZZA, also known as "Cosmo,"
>     DONALD F. SCALISE, also known as "Sponge" and as "Rags,"
>     CARL R. DOTE, also known as "Oscar,"
>     JACK COZZI, also known as "Baldy,"
>     FRANK J. ADAMO, also known as "Captain," and
>     SHERMAN GOLDMAN, also known as "Hotdogs" and as "Moe,"

defendants herein, together with other persons known and unknown to the grand jury, being persons employed by and associated with The Dote-Mazza Enterprise, which engaged in, and the activities of which affected interstate commerce, conspired to violate Title 18,

United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Section 1961(1) and (5), and collection of unlawful debt, as defined in Title 18, United States Code, Section 1961(6).

### PATTERN OF RACKETEERING ACTIVITY
**(First Alternative Grounds of Liability)**

5. The pattern of racketeering activity through which the defendants agreed to conduct the affairs of the enterprise consisted of:

(a) The operation of an illegal gambling business, in violation of Title 18, United States Code, Section 1955;

(b) Acts involving gambling, in violation of Chapter 720, Illinois Compiled Statutes, Section 5/28-1.1(a), (b) and (d); and

(c) Multiple uses of a facility in interstate commerce, that is, the interstate telephone communications system, to receive line information for the gambling business, in violation of Title 18, United States Code, Section 1952.

6. It was a part of the conspiracy that each defendant agreed that one or more conspirators would commit at least two acts of racketeering in the conduct of the affairs of The Dote-Mazza Enterprise.

### COLLECTION OF UNLAWFUL DEBT
**(Second Alternative Grounds of Liability)**

7. The collection of unlawful debt through which the defendants agreed to conduct the affairs of The Dote-Mazza

Enterprise consisted of collection of debt incurred in gambling activity which was in violation of the law of the United States, Title 18, United States Code, Section 1955, and the State of Illinois, Chapter 720, Illinois Compiled Statutes, Section 5/28-1(a)(2), and which was incurred in connection with the business of gambling in violation of the law of the United States, Title 18, United States Code, Section 1955, and the State of Illinois Chapter 720, Illinois Compiled Statutes, Section 5/28-1.1(a), (b) and (d).

    8.   It was a part of the conspiracy that each defendant agreed that one or more conspirators would commit at least one collection of unlawful debt in the conduct of the affairs of The Dote-Mazza Enterprise;

All in violation of Title 18, United States Code, Section 1962(d).

**COUNT TWO**

The SPECIAL JANUARY 1999-I GRAND JURY further charges:

1. The Grand Jury re-alleges and incorporates here by reference the allegations contained in paragraphs 1, 2, and 3 of Count One of this indictment.

2. From on or about March 8, 1997 through on or about August 22, 1997, in the Northern District of Illinois,

> DONALD F. SCALISE, also known as "Sponge" and as "Rags," and
> CARL R. DOTE, also known as "Oscar,"

defendants herein, being persons employed by and associated with The Dote-Mazza Enterprise, which was an enterprise engaged in, and the activities of which affected, interstate commerce, knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise through the collection of unlawful debt, that is, debt incurred in gambling activity which was in violation of the law of the United States, Title 18, United States Code, Section 1955, and the State of Illinois, Chapter 720, Illinois Compiled Statutes, Section 5/28-1(a)(2), and which was incurred in connection with the business of gambling in violation of the law of the United States, Title 18, United States Code, Section 1955, and the State of Illinois, Chapter 720, Illinois Compiled Statutes, Section 5/28-1.1(a), (b) and (d);

In violation of Title 18, United States Code, Sections 1962(c) and 2(a).

**COUNT THREE**

The SPECIAL JANUARY 1999-I GRAND JURY further charges:

From in or about July, 1994 through in or about August, 1997, in the Northern District of Illinois,

>    ANTHONY R. DOTE, also known as "Seymour,"
>    FRANCIS PATRICK MAZZA, also known as "Cosmo,"
>    DONALD F. SCALISE, also known as "Sponge" and as "Rags,"
>    CARL R. DOTE, also known as "Oscar,"
>    JACK COZZI, also known as "Baldy,"
>    FRANK J. ADAMO, also known as "Captain," and
>    SHERMAN GOLDMAN, also known as "Hotdogs" and as "Moe,"

defendants herein, and others, known and unknown to the Grand Jury, did knowingly conduct, finance, manage, supervise, direct, and own all or part of an illegal gambling business, that is, a sports bookmaking operation, such business being in substantially continuous operation for a period in excess of thirty (30) days, and having a gross revenue of $2,000 or more on one or more single days, involving five (5) or more persons who conducted, financed, managed, supervised, directed, and owned all or part of said business and being in violation of the following laws of the State of Illinois: Chapter 720, Illinois Compiled Statutes, Sections 5/28-1(a)(2), (5) and (11), 5/28-1.1(a), (b) and (d), and 5/28-3;

In violation of Title 18, United States Code, Section 1955.

## COUNT FOUR

The SPECIAL JANUARY 1999-I GRAND JURY further charges:

On or about February 10, 1996, in the Northern District of Illinois, the State of Nevada, and elsewhere,

FRANCIS PATRICK MAZZA, also known as "Cosmo," defendant herein, used a facility in interstate commerce, that is, the interstate telephone communications system, between the State of Illinois and the State of Nevada, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving gambling in violation of the laws of the State of Illinois, Chapter 720, Illinois Compiled Statutes, Section 5/28-1.1(a), (b) and (d), and of the United States, Title 18, United States Code, Section 1955, and thereafter FRANCIS PATRICK MAZZA, performed acts to promote, manage, carry on and facilitate the promotion, management and carrying on of that unlawful activity;

In violation of Title 18, United States Code, Section 1952.

## COUNT FIVE

The SPECIAL JANUARY 1999-I GRAND JURY further charges:

On or about February 21, 1996, in the Northern District of Illinois, the State of Nevada, and elsewhere,

FRANCIS PATRICK MAZZA, also known as "Cosmo," defendant herein, used a facility in interstate commerce, that is, the interstate telephone communications system, between the State of Illinois and the State of Nevada, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving gambling in violation of the laws of the State of Illinois, Chapter 720, Illinois Compiled Statutes, Section 5/28-1.1(a), (b) and (d), and of the United States, Title 18, United States Code, Section 1955, and thereafter FRANCIS PATRICK MAZZA, performed acts to promote, manage, carry on and facilitate the promotion, management and carrying on of that unlawful activity;

In violation of Title 18, United States Code, Section 1952.

**COUNT SIX**

The SPECIAL JANUARY 1999-I GRAND JURY further charges:

On or about August 22, 1996, in the Northern District of Illinois, the State of Nevada, and elsewhere,

FRANCIS PATRICK MAZZA, also known as "Cosmo," defendant herein, used a facility in interstate commerce, that is, the interstate telephone communications system, between the State of Illinois and the State of Nevada, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving gambling in violation of the laws of the State of Illinois, Chapter 720, Illinois Compiled Statutes, Section 5/28-1.1(a), (b) and (d), and of the United States, Title 18, United States Code, Section 1955, and thereafter FRANCIS PATRICK MAZZA, performed acts to promote, manage, carry on and facilitate the promotion, management and carrying on of that unlawful activity;

In violation of Title 18, United States Code, Section 1952.

## COUNT SEVEN

The SPECIAL JANUARY 1999-I GRAND JURY further charges:

On or about August 31, 1996, in the Northern District of Illinois, the State of Nevada, and elsewhere,

>ANTHONY R. DOTE, also known as "Seymour," and
>JACK COZZI, also known as "Baldy,"

defendants herein, used and caused the use of a facility in interstate commerce, that is, the interstate telephone communications system, between the State of Illinois and the State of Nevada, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving gambling in violation of the laws of the State of Illinois, Chapter 720, Illinois Compiled Statutes, Section 5/28-1.1(a), (b) and (d), and of the United States, Title 18, United States Code, Section 1955, and thereafter ANTHONY R. DOTE and JACK COZZI performed acts to promote, manage, carry on and facilitate the promotion, management and carrying on of that unlawful activity;

In violation of Title 18, United States Code, Sections 1952 and 2(b).

## FORFEITURE ALLEGATIONS

The SPECIAL JANUARY 1999-I GRAND JURY further charges:

1. The Grand Jury re-alleges and incorporates here by reference the allegations contained in Count One of this indictment for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 1963.

2.  ANTHONY R. DOTE, also known as "Seymour,"
    FRANCIS PATRICK MAZZA, also known as "Cosmo,"
    DONALD F. SCALISE, also known as "Sponge" and as "Rags,"
    CARL R. DOTE, also known as "Oscar,"
    JACK COZZI, also known as "Baldy,"
    FRANK J. ADAMO, also known as "Captain," and
    SHERMAN GOLDMAN, also known as "Hotdogs" and as "Moe,"

defendants herein, shall forfeit to the United States, under Title 18, United States Code, Section 1963(a)(1), (a)(3) and (c), any property constituting, and derived from, any proceeds which the defendants obtained, directly and indirectly, from racketeering activity and unlawful debt collection in violation of Title 18, United States Code, Section 1962, which this indictment sets forth in Count One.

3. The property which Title 18, United States Code, Section 1963(a)(1), (a)(3) and (c) subjects the defendants to forfeit, and for which the defendants are jointly and severally liable to the United States, is $2,100,000 in currency.

5. If any of the forfeitable property described above, as a result of any act or omission of the defendants:

   a. Cannot be located upon the exercise of due diligence;

   b. Has been transferred to, sold to, or deposited with a third person;

12

c. Has been placed beyond the jurisdiction of the court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property that cannot be subdivided without difficulty,

then the United States shall be entitled to have defendants forfeit, under Title 18, United States Code, Section 1963(m), any other property of defendants up to the value of $2,100,000.

A TRUE BILL:

_____
FOREPERSON

_____
SCOTT R. LASSAR
UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

vs.

ANTHONY R. DOTE,
    also known as "Seymour,"
FRANCIS PATRICK MAZZA,
    also known as "Cosmo,"
DONALD F. SCALISE,
    also known as "Sponge" and as "Rags,"
CARL R. DOTE,
    also known as "Oscar,"
JACK COZZI,
    also known as "Baldy,"
FRANK J. ADAMO,
    also known as "Captain," and
SHERMAN GOLDMAN,
    also known as "Hotdogs" and as "Moe."

INDICTMENT

Violation(s): Title 18, United States Code
Sections 2(a) and (b), 1952, 1955,
and 1962(c) and (d), and 1963.

A true bill,

_Andrew Buendia_
Foreman

Filed in open court this 27th day of April, A.D. 2000

_[signature]_
Clerk

Bail, $ _____